Filed 3/12/26  P. v. Ratcliff CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B346145 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA228118) |
| v. | |
| PRISCILLA MAE RATCLIFF, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2004, a jury convicted defendant Priscilla Mae Ratcliff of second degree murder (Pen. Code[1], § 187, subd. (a)) and first degree robbery (§ 211).  The jury found true the allegation that she used a deadly weapon during the murder (§ 12022, subd. (b)(1)).  The trial court sentenced her to 40 years to life.

On June 20, 2024, defendant filed a section 1172.6 petition.  Among other things, defendant declared that she could not presently be convicted of murder because of the doctrine of imperfect self-defense.  The trial court appointed counsel for defendant.

On December 4, 2024, the Los Angeles County District Attorney (District Attorney) filed its opposition to the petition.  The District Attorney asserted among other things that defendant was the actual killer and that her petition should be denied as a successive petition.  The District Attorney submitted in support an order dated March 26, 2019, denying defendant's prior section 1172.6 petition on the grounds that she was the actual killer.

On April 21, 2025, the trial court denied the section 1172.6 petition.  Defendant timely appealed.

On December 12, 2025, defendant's appointed appellate counsel filed an opening brief in which she did not identify any arguable issues and requested that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.

On January 2, 2026, defendant submitted a three-page handwritten brief.  Defendant contends that she acted in self-defense, that the victim may have been intoxicated, that she was unaware that the prosecutor would play a shortened version of a recording at trial, and asks whether her sentence "was . . . double

---

[1]     Further statutory references are to the Penal Code.

jeopardy." She also requests that we review a detective's statements because that detective had opinions that were racially biased. She further contends that jurors were dismissed based on their race. Finally, she contends that her prior counsel failed to review her medical records before trial.

Defendant's arguments on appeal do not address her eligibility for resentencing under section 1172.6. Indeed, her evidentiary challenges and her assertion that she acted in self-defense do not bear on whether she could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Accordingly, we reject those challenges in this appeal. (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted [§ 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Moreover, section 1172.6 is not the proper vehicle for challenges based on the Racial Justice Act (§ 745). (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 1000 [petitioner in custody must bring Racial Justice Act claim in petition for writ of habeas corpus].)

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

4